**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| WAYNE C. HAWKES, | DOCKET NUMBERS |
| Appellant, | SF-0752-13-0338-C-2 |
| | SF-0752-13-0338-X-1 |
| v. | |
| DEPARTMENT OF AGRICULTURE, | |
| Agency. | DATE: November 3, 2014 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Wayne C. Hawkes, Davis, California, pro se.

Suzanne L. Lawrence, Beltsville, Maryland, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the compliance initial decision in MSPB Docket No. SF-0752-13-0338-C-2, which granted the agency's petition for enforcement of a settlement agreement.  Also before the Board is the compliance initial decision in MSPB Docket No. SF-0752-13-0338-C-1 that

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

granted the appellant's petition for enforcement of the same settlement agreement.[2] Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). We JOIN these cases for adjudication under 5 C.F.R. § 1201.36. After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, in MSPB Docket No. SF-0752-13-0228-C-2, we DENY the petition for review and AFFIRM the compliance initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b). In MSPB Docket No. SF-0752-13-0338-X-1, we VACATE the compliance initial decision issued under MSPB Docket No. SF-0752-13-0338-C-1 and DISMISS the appellant's petition for enforcement as moot. The settlement agreement is RESCINDED, and the appellant's underlying appeal of his 30-day suspension is REINSTATED. We FORWARD this matter to the administrative judge for adjudication.

¶2      The agency suspended the appellant for 30 days based on alleged misconduct, and the appellant filed an appeal of his suspension with the Board.

---

[2] Following the administrative judge's issuance of the compliance initial decision in MSPB Docket No. SF-0752-13-0338-C-1, the agency, pursuant to 5 C.F.R. § 1201.183(a)(6)(i), filed a statement of compliance with the Office of the Clerk of the Board. That office subsequently issued an acknowledgment order to the parties advising that the Board had assigned a new docket number to the matter, MSPB Docket No. SF-0752-13-0338-X-1. *See* 5 C.F.R. § 1201.183(c).

While the appeal was pending, the parties reached a settlement agreement that provided, in relevant part, that the agency would cancel the 30-day suspension and substitute in its place a 10-day suspension, provide appropriate back pay and benefits, pay $14,000 in attorney fees to the appellant's attorney, and restore the appellant's access to the agency's facility and personnel. MSPB Docket No. SF-0752-13-0338-C-2, Compliance File (CF 2), Tab 1 at 9-11. The appellant agreed not to bring any further complaints or litigation in any forum against the agency or its employees based on events that occurred on or prior to the date of the agreement. *Id.* at 12. The administrative judge entered the agreement into the Board's record for enforcement purposes and dismissed the appeal. *Hawkes v. Department of Agriculture*, MSPB Docket No. SF-0752-13-0338-I-1, Initial Decision at 1-2.

¶3 The appellant thereafter petitioned for enforcement, contending, inter alia, that the agency breached the agreement by failing to fully restore his access to the agency's facility and employees as contemplated in the agreement. MSPB Docket No. SF-0752-13-0338-C-1, Compliance File, Tab 1. The administrative judge issued a compliance initial decision in which he granted the petition for enforcement and found that the agency had not complied with the settlement agreement. *Hawkes v. Department of Agriculture*, MSPB Docket No. SF-0752-13-0338-C-1, Compliance Initial Decision.

¶4 The agency also petitioned for enforcement, contending, inter alia, that the appellant breached the agreement by bringing suit in state court against an agency employee based on substantially the same facts that underlay his suspension. CF 2, Tabs 1, 6. The agency sought rescission of the settlement agreement, repayment of the money it had paid to the appellant under the terms of the agreement, and reinstatement of the original appeal. CF 2, Tab 6. The administrative judge issued a separate compliance initial decision in which he granted the petition for enforcement and found that the appellant materially breached the settlement agreement. *Hawkes v. Department of Agriculture*, MSPB

Docket No. SF-0752-13-0338-C-2, Compliance Initial Decision (CID 2) at 3-4. The administrative judge also granted the agency's request to rescind the settlement agreement and reinstate the original appeal. CID 2 at 4. The administrative judge found that he had the authority to order the appellant to reimburse the agency "for the twenty days' worth of back pay he received under the settlement agreement along with the $14,000" in attorney fees. CID 2 at 5. Both compliance initial decisions are currently before us. We address the compliance initial decision in MSPB Docket No. SF-0752-13-0338-C-2 granting the agency's petition for enforcement first.

¶5    The Board has the authority to enforce a settlement agreement which, like the agreement in this case, has been entered into the record in the same manner as any final Board decision or order. *See Williams v. Department of Health & Human Services*, 114 M.S.P.R. 11, ¶ 6 (2010). Because a settlement agreement is a contract, the Board will adjudicate an enforcement proceeding relevant to a settlement agreement in accordance with contract law. *Id.* As the party asserting noncompliance, the agency bears the burden of proving by preponderant evidence that the appellant breached the settlement agreement. *Id.*

¶6    A breach of a settlement agreement is material when it relates to a matter of vital importance, or goes to the essence of the agreement. *Id.*, ¶ 9. As noted above, the appellant materially breached the settlement agreement by filing a lawsuit against a coworker. CF 2, Tab 1 at 16-23; *see* CID 2 at 3-4. Generally, where one party commits a material breach of a settlement agreement, the other party is entitled to either enforce or rescind the settlement agreement. *Williams*, 114 M.S.P.R. 11, ¶ 10. The agency elected rescission. CF 2, Tab 1 at 7, Tab 6 at 5-6.

¶7    It is accepted law that the Board has the authority to order an appellant to reimburse the agency for amounts paid pursuant to a settlement agreement when the agreement is rescinded. *Stipp v. Department of the Army*, 64 M.S.P.R. 124, 128 (1994), *overruled on other grounds by Wisdom v. Department of Defense*,

78 M.S.P.R. 652, 656 (1998). It is the Board's practice in cases such as this one to vacate the settlement agreement, order the appellant to reimburse the agency for amounts received under the agreement effective upon issuance of the order, reinstate the underlying appeal, *not* stay adjudication of the appeal while the appellant completes reimbursement, and resolve any outstanding issues with the appellant's reimbursement in a compliance proceeding at the conclusion of the appeal. *See Cunningham v. Office of Personnel Management*, 110 M.S.P.R. 389, ¶ 21 (2009); *see also Powell v. Department of Commerce*, 98 M.S.P.R. 398, ¶ 15 (2005). Therefore, the remedy that the administrative judge ordered was entirely consistent with Board precedent, and we do not disturb it.

¶8      On review, the appellant submits a number of documents and makes a number of arguments that he alleges are based on new and material evidence. MSPB Docket No. SF-0752-13-0338-C-2, Petition for Review (PFR) File, Tabs 2-3. These documents and arguments pertain to the merits of the underlying appeal and not to issues of compliance, and we have not relied on them.

¶9      The appellant also asserts that he was prejudiced when the administrative judge held an ex parte status conference with the agency representative and his former attorneys but did not include him. PFR File, Tab 1 at 5, Tab 6 at 5-6; *see* CF 2, Tab 3. He contends that the administrative judge advised the agency to seek rescission of the agreement and reimbursement for the amounts it had paid. PFR File, Tab 1 at 5. The appellant himself stated below that he was in favor of rescission, *see* CF 2, Tab 4 at 2; *see also* PFR File, Tab 6 at 6, and setting aside a settlement agreement essentially restores the parties to the status quo ante, *Stipp*, 64 M.S.P.R. at 127. Moreover, the prejudice that the appellant alleges to have suffered relates to his claims that the agency committed fraud in negotiating and complying with the settlement agreement, which we address below.

¶10     The appellant contends that he was prejudiced when the administrative judge issued the compliance initial decision 4 days after service of the agency's response to the appellant's submission, when the appellant had not received the

agency's response and had no opportunity to respond. PFR File, Tab 1 at 5-6, Tab 6 at 6-8. Because, however, the appellant does not claim he did not breach the agreement and because he too seeks rescission of the settlement agreement, *see* PFR File, Tab 6 at 6, he was not prejudiced.

¶11 The appellant raises a number of arguments relating to the agency's alleged bad faith in negotiating and complying with the settlement agreement. PFR File, Tab 1 at 4, 6-8, Tab 6 at 5-6, 8-9. The appropriate method for challenging the validity of a settlement agreement is to file a petition for review of the initial decision dismissing the appeal as settled. *Lange v. Department of the Interior*, 98 M.S.P.R. 146, ¶ 3 (2005). Even if the appellant's allegations were properly before us and all of the appellant's allegations are true, the available remedy is rescission of the settlement agreement, which is what we order here. *See, e.g.*, *Potter v. Department of Veterans Affairs*, 111 M.S.P.R. 374, ¶¶ 9-10 (2009) (the Board found that the settlement agreement was invalid because of a mutual mistake of law, set aside the agreement, vacated the initial decision, and remanded the appeal for a jurisdictional determination and, if necessary, adjudication on the merits).

¶12 Because the settlement agreement is rescinded, any issues of compliance with the settlement agreement are moot. *See Hernandez v. Department of Defense*, 112 M.S.P.R. 262, ¶ 9 (2009) (when a settlement agreement is rescinded, its terms become inoperative). Thus, we VACATE the compliance initial decision at issue in MSPB Docket No. SF-0752-13-0338-X-1 and DISMISS the appellant's petition for enforcement.

**ORDER**

¶13 The settlement agreement is RESCINDED. To carry out full rescission of the settlement agreement, we ORDER the appellant to reimburse the agency for any back pay he received pursuant to the agreement plus $14,000 for attorney fees received. The appellant's appeal of the original 30-day suspension is

REINSTATED, and we forward this matter to the Western Regional Office for reinstatement.

¶14     We further ORDER the appellant to tell the agency promptly in writing when he believes he has fully carried out the Board's Order and of the actions he took to carry out the Board's Order.  The agency, if not notified, should ask the appellant about its progress.  *See* 5 C.F.R. § 1201.181(b).

¶15     Upon issuance of the Board's final decision concerning the appellant's 30-day suspension, the agency may file a petition for enforcement with the Western Regional Office if the agency believes that the appellant did not fully carry out the Board's Order.  The petition should contain specific reasons why the agency believes that the appellant has not fully carried out the Board's Order and should include the dates and results of any communications with the appellant. 5 C.F.R. § 1201.182(a).

¶16     This is the final decision of the Merit Systems Protection Board in this compliance proceeding. Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline

and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:              _____

                                    William D. Spencer
                                    Clerk of the Board

Washington, D.C.